UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY LEONARDELLI,

        Plaintiff,

v.
                              Case No.:

NORTHSTAR LOCATION SERVICES, LLC,

        Defendant.

_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, TIMOTHY LEONARDELLI (hereinafter referred to as "Plaintiff" or "Mr. Leonardelli"), by and through the undersigned counsel, and hereby asserts his claims against NORTHSTAR LOCATION SERVICES, LLC (hereinafter referred to as "Defendant" or "Northstar") for damages, and alleges in support thereof:

### JURISDICTION

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff.

3.     Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred here.

### PARTIES

4.     Plaintiff, Timothy Leonardelli, is a natural person.

5.     Mr. Leonardelli resides in Lee County, Florida.

1

6.      Mr. Leonardelli is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant, Northstar Location Services, LLC, is a New York corporation.

8.      Northstar operates from a principal address of 4285 Genesee Street, Cheektowaga, NY 14225.

9.      Upon information and belief, Northstar has significant and substantial contacts with the State of Florida.

10.     Northstar is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11.     Northstar is principally engaged in the business of collecting debts.

12.     Northstar regularly collects debts owed or due or asserted to be owed or due to another.

13.     Northstar uses the United States postal service and telephones in connection with its debt collection business.

14.     Northstar's website states that it "provides a **full-service receivables debt collection solution.**"   *See* **Exhibit "A"** attached hereto (**emphasis in original**); *see also* http://www.thenorthstarcompanies.com.

15.     Northstar is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency". *See* **Exhibit "B"** attached hereto.

### FACTUAL ALLEGATIONS

16.     In 2016, Mr. Leonardelli leased a 2015 Honda Odyssey (hereinafter the "Vehicle") from American Honda Finance Corporation (hereinafter "Honda") in Fort Myers, FL.

17.     In leasing the Vehicle, Mr. Leonardelli agreed to make monthly payments to Honda, and thus incurred a debt (hereinafter the "Debt") to Honda.

18.     Mr. Leonardelli leased the Vehicle to use for personal, family and household purposes, specifically for him and his wife to run personal errands, travel for leisure purposes, go to dinner and entertainment venues, socialize, etc.

19.     Thus, the Debt was incurred for personal purposes, and is therefore "debt" within the meaning of 15 U.S.C. § 1692a(5).

20.     In December 2018, Mr. Leonardelli traded the Vehicle back to Honda and purchased a new vehicle from Honda's Fort Myers location.

21.     As part of the purchase agreement, Honda agreed to pay off the remaining balance owed on the Vehicle for Mr. Leonardelli.

22.     Accordingly, following Mr. Leonardelli's trading of vehicles with Honda, he no longer owed any balance on the Debt incurred to Honda on the Vehicle.

23.     Despite no longer being owed, the Debt was consigned, placed or otherwise transferred from Honda to Northstar for collection from Mr. Leonardelli.

24.     Subsequently, Northstar began efforts to collect the Debt from Mr. Leonardelli.

25.     Northstar sent a collection letter dated June 18, 2019 (hereinafter the "Collection Letter") seeking to collect a total amount due of $460.79.  *See* **Exhibit "C"** attached hereto.

26.     The Collection Letter includes the following explicit statements:

        a.      "Your account is listed as delinquent with a total amount due of $460.79."

        b.      "This communication is from a debt collector and is an attempt to collect a debt.  Any information obtained will be used for that purpose."

*See* Exhibit "C".

3

27. The Collection Letter also indicates that Mr. Leonardelli owes a "total amount due" and a "Balance" on the Debt of $460.79. *See* Exhibit "C".

28. The Collection Letter is largely in the form of a detachable payment coupon, with a statement placed above a perforation that reads: "To ensure proper credit, return this portion with your payment[.]" *See* Exhibit "C".

29. The detachable portion of the payment coupon in the Collection Letter states that a "Balance" of $460.79 is due to Honda, and leaves a box titled "Amount Remitted" blank to be filled in by the consumer when payment is made. *See* Exhibit "C".

30. The top portion of the payment coupon in the Collection Letter states that a "Balance" of $460.79 is due to Honda, and includes a blank space next to "Amount Remitted" be filled in by the consumer when payment is made. *See* Exhibit "C".

31. The bottom of the Collection Letter lists four different methods of paying the Debt to Northstar, and further states that Mr. Leonardelli "may contact a Northstar Account Representative toll free at 1-866-677-2551 to make your payment." *See* Exhibit "C".

32. Northstar attempted to collect the Debt from Mr. Leonardelli by way of the Collection Letter, despite the fact that the Debt had been satisfied, and was no longer owed by Mr. Leonardelli.

33. The above-detailed conduct by Northstar in an effort to collect the Debt from Mr. Leonardelli constitutes violations of the FDCPA.

34. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress experienced by Mr. Leonardelli.

4

35.   Mr. Leonardelli has suffered actual damages as a result of these illegal collection communications by the Defendant, including but not limited to, anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**AGAINST NORTHSTAR**
*15 U.S.C. § 1692e(2)*

36.   Mr. Leonardelli incorporates by reference paragraphs 1 – 35 above as though fully restated herein.

37.   The foregoing acts and omissions of Defendant constitute violations of the Fair Debt Collection Practices Act.

38.   Northstar violated 15 U.S.C. § 1692e(2), which prohibits a debt collector, in connection with the collection of a consumer debt, from making any false representation of the character, amount, or legal status of any debt.

39.   Northstar violated said statute by sending the Collection Letter, which falsely stated that (1) Mr. Leonardelli had a "delinquent" account, and (2) owed a "total amount due" and a "Balance" on the Debt of $460.79.

40.   As a direct and proximate result of Northstar's actions in violation of said statute, Mr. Leonardelli has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

41.     Mr. Leonardelli has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2). Accordingly, Mr. Leonardelli seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST NORTHSTAR
### *15 U.S.C. § 1692e(10)*

42.     Mr. Leonardelli incorporates by reference paragraphs 1 – 35 above as though fully restated herein.

43.     The foregoing acts and omissions of Defendant constitute violations of the Fair Debt Collection Practices Act.

44.     Northstar violated 15 U.S.C. § 1692e(10), which prohibits a debt collector from using any false representations or deceptive means to collect or attempt to collect any debt.

45.     Northstar violated said statute by sending the Collection Letter, which falsely stated that (1) Mr. Leonardelli had a "delinquent" account, and (2) owed a "total amount due" and a "Balance" on the Debt of $460.79.

46.     As a direct and proximate result of Northstar's actions in violation of said statute, Mr. Leonardelli has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

47.   Mr. Leonardelli has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10). Accordingly, Mr. Leonardelli seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST NORTHSTAR
### *15 U.S.C. § 1692f*

48.   Mr. Leonardelli incorporates by reference paragraphs 1 – 35 above as though fully restated herein.

49.   The foregoing acts and omissions of Defendant constitute violations of the Fair Debt Collection Practices Act.

50.   Northstar violated 15 U.S.C. § 1692f, which prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

51.   Northstar violated said statute by sending the Collection Letter, which unfairly and unconscionably asserted that (1) Mr. Leonardelli had a "delinquent" account, and (2) owed a "total amount due" and a "Balance" on the Debt of $460.79.

52.   As a direct and proximate result of Northstar's actions in violation of said statute, Mr. Leonardelli has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

7

53.     Mr. Leonardelli has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f. Accordingly, Mr. Leonardelli seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## JURY TRIAL DEMAND

54.     Mr. Leonardelli is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiff, TIMOTHY LEONARDELLI, having set forth his claims for relief against the Defendant, NORTHSTAR LOCATION SERVICES, LLC, respectfully prays of the Court as follows:

A.     That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of actual damages pursuant to 15 U.S.C. § 1692k;

B.     That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of statutory damages pursuant to 15 U.S.C. § 1692k;

C.     That the Plaintiff has and recovers against the Defendant all reasonable legal fees and expenses incurred by his attorney pursuant to 15 U.S.C. § 1692k; and

D.     That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: <u>April 13, 2020</u>

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
***Attorneys for Plaintiff***

By: <u>Joseph C. LoTempio_____</u>
     Joseph C. LoTempio, Esq.
     Fla. Bar No. 0086097
     jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _Florida_     )
                       ) ss
COUNTY OF _Lee_        )

Plaintiff, TIMOTHY LEONARDELLI, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am a Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
TIMOTHY LEONARDELLI

Subscribed and sworn to before me this _13th_ day of _April_, 20 _20_ by TIMOTHY LEONARDELLI who:

☐ is personally known; or

☒ produced identification _WI DL L563-8104-6361-01_

KATHRYN MICHIE
Commission # GG 299276
Expires May 10, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Notary Public

(SEAL)

10